JACOBSON et al. v. EBLING BREWING CO.

(Supreme Court, Appellate Division, Second Department. January 10, 1913.)

APPEAL AND ERROR (§ 1002*)—FINDINGS—CONCLUSIVENESS.

A verdict on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from Trial Term, Westchester County.

Action by Peter Jacobson and others against the Ebling Brewing Company. From a judgment for plaintiffs, and an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Norbert Blank, of New York City, for appellant.
J. D. O'Connor, of Yonkers, for respondents.

WOODWARD, J. The plaintiff brings this action to recover $213.-50 for extra work, performed under the terms of a written contract upon the order of the architect employed by the defendant. The contract provided for the performance of certain work and the furnishing of certain materials, according to the plans and specifications furnished by the architect, for the sum of $1,650, and it was provided that there should be no extra claims, except for work performed under written orders of the architect, and it is not disputed here that the plaintiff did secure a written order from the architect, in accord with the provisions of the contract; but it is urged that this extra work was not necessary, and that the architect was without auhority to make the written order, the original contract having been completed before the extra work was undertaken.

It was the contention of the plaintiff that this extra work was performed in good faith under the written order of the architect, and there is no dispute that the work was in fact performed. The plaintiff produced evidence to show that the defendant's agent was approached in reference to the proposed changes, and that he refused to authorize them, declaring that it was up to the architect to determine such questions, and that thereupon the architect gave the order in question. The defendant's agent took the stand, and denied that he had given any authority whatever to the architect, but insisted, on the

·contrary, that he had said that no new work should be undertaken, except upon a written contract with the defendant. This was the principal issue submitted to the jury, in a charge to which no exception was taken, and the jury has found in favor of the plaintiffs, and we are of the opinion that the evidence is sufficient to justify the inference that the defendant's agent authorized the architect to determine upon the necessity of the alterations which were made, and that the defendant is liable.

It was also urged that the plaintiff had waived his right to recover by certain receipts which he gave at the time of receiving the final payments upon the original contract; but there was evidence that the ·plaintiff refused to sign the papers proposed by the defendant if it was understood to include the payment for the extra work, and that he was assured that it only related to the contract, and, while this was disputed, the jury has found with the plaintiff, and the judgment ·ought not to be disturbed. The defendant acquiesced in the law of the case as presented by the court, and, the jury having found the facts with the plaintiff, it would seem that there ought to be an end of the ·controversy.

The judgment and order appealed from should be affirmed, with costs. All concur.